**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-30624**
**Summary Calendar**
_____


**ANGELA S. LUCIUS,**

**Plaintiff-Appellant,**


**VERSUS**


**BARGER INC.; ROYAL INSURANCE COMPANY OF AMERICA,**

**Defendants-Appellees.**


_____

Appeal from the United States District Court
For the Western District of Louisiana
(92-CV-1484)
_____
January 20, 1997


Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

From January 1989 until August 1989, Angela Lucius was employed as a sales clerk by Barger, Inc., d/b/a Barger's Pharmacy (hereinafter referred to as "Barger") in West Lake, Louisiana. In August 1989, Lucius was caught in the act of stealing a picture

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

frame from the pharmacy. The following day, Barger asked Lucius to participate in a polygraph examination. She complied. Prior to taking the examination, Lucius signed a handwritten statement in which she described other instances when she had taken cash or merchandise from Barger. Lucius also signed a typewritten statement prepared by Charles H. Goen, the independent polygraph examiner who had been hired by Barger to conduct the examination. In this typewritten statement, Lucius explained that she was voluntarily requesting the polygraph examination and released the examiner and the officers and members of Barger, Inc. in connection therewith. After the examination, Lucius ceased working for Barger and remitted $1,100 in restitution to Barger thereby avoiding any further trouble or liability arising from her activities as a sales clerk at Barger's Pharmacy.

In 1991, Lucius applied for a job with the Houston Police Department. In June of that same year, the police department rejected her employment application after a background screening revealed the results of the polygraph examination administered by Goen at Barger's request. On August 3, 1992, almost three years after the polygraph examination, plaintiff filed suit against Barger in federal court seeking $250,000 in damages for Barger's failure to comply with specific provisions of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001-2009. Lucius alleged that Barger's failure to comply with the EPPA caused the Houston Police Department to reject her employment application,

2

which resulted in "lost wages, loss of earning capacity, as well as emotional distress."  Lucius' original petition relies exclusively upon the EPPA.

In December 1993, Lucius filed an amended complaint naming as additional defendants (i) the Louisiana Retailers Association Self Insurers Fund ("LRA"), Barger's worker's compensation insurance carrier, and (ii) Royal Insurance Company of America ("Royal"), who had issued a policy of insurance to Barger containing various coverages for "Business Liability."  Both LRA and Royal filed answers denying coverage under their respective policies.  In July 1994, Royal filed a motion for summary judgment.  The district court initially denied the motion in October 1994.  Upon motion by Royal for reconsideration, the district court did reconsider Royal's motion for summary judgment and entered an order on December 22, 1994, which (i) recognized error on the part of the district court in its prior interpretation of the policy coverage provision, (ii) vacated its prior order denying Royal's motion for summary judgment, and (iii) granted Royal's motion for summary judgment as to Royal only.

In January 1995, LRA filed its motion for summary judgment and in March 1995, the district court granted LRA's motion.  Lucius attempted an interlocutory appeal to this Court of the order granting LRA's motion for summary judgment; but such appeal was dismissed by this Court for lack of appellate jurisdiction.

In November 1995, Lucius filed a motion for summary judgment against Barger as to the issue of liability under the EPPA. The motion was referred to the magistrate judge for report and recommendation. The magistrate judge filed a report in December 1995 recommending that the court grant Lucius' partial motion for summary judgment determining that Barger violated the EPPA in connection with the administration of the polygraph test. The district court adopted the report and recommendation and granted a partial summary judgment for Lucius against Barger in January 1996. On April 25, 1996, the district court entered an order of dismissal which stated:

> The court noting that plaintiff's claims against Royal Insurance Company of America and Louisiana Retailers Self Insurers Fund have previously been dismissed, and having been advised that plaintiff, Angela S. Lucius, and defendant, Barger, Inc., have settled the above action, it is
>
> ORDERED that this action is hereby dismissed as to Barger, Inc. without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated.

On May 15, 1996, the district court entered a "Judgment of Dismissal" which stated:

> On motion of counsel for plaintiff in the above entitled and numbered cause:
>
> IT IS ORDERED, ADJUDGED AND DECREED that said suit be dismissed, with prejudice, against BARGER, INC. and LOUISIANA RETAILERS ASSOCIATION SELF INSURERS FUND, with each party to bear its own costs and attorneys' fees, and with plaintiff reserving her right to proceed against[] Royal Insurance Company of America.

4

On June 14, 1996, Lucius filed a notice of appeal from the judgment entered on December 22, 1994, "which became final and definitive as a result of the ruling of final judgment on the 15th day of May 1996."

We have carefully reviewed the briefs, the reply briefs, the record excerpts, and relevant portions of the record itself. For essentially the reasons stated by the district court in its memorandum ruling of December 22, 1994, we affirm.

**AFFIRMED.**